IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **WILBUR DE LEON,** individually and on behalf of similarly situated individuals,<br><br>   Plaintiff,<br>v.<br><br>**GLOBAL TILING, INC.,**<br><br>   Defendant. | **CASE NO.**<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff Wilbur de Leon, individually and on behalf of all others similarly situated, by and through his attorneys Brown, LLC and Crumley Roberts LLP, and for his cause of action against Defendant Global Tiling, Inc., states and avers as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Wilbur de Leon, individually and on behalf of all similarly situated persons employed by Defendant, to recover damages and penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; the California Labor Code §§ 510, 1194, 1194.2, 1197, and 1198, California Industrial Welfare Commission Order Regulating Wages, Hours, and Working Conditions in the Professional, Technical, Clerical, Mechanical and Similar Occupations ("IWC Order 4-2001), and California Business and Professions Code §§ 17200-17209 (collectively, "California Laws"); and Hawaii Revised Statutes §§ 387-2, 387-3, 387-12 ("Hawaii Laws") .

2. Defendant employed Tile Installers to perform physically demanding floor installation and repair labor around the United States of America, including in California and Hawaii.

3. Defendant suffered and permitted Tile Installers to work over 40 hours per week.

4. However, Defendant failed to pay Plaintiff and other Tile Installers any overtime compensation at the rate of 1.5 times their regular rate of pay, in violation of the FLSA.

5. Further, Defendant failed to compensate Tile Installers for time spent travelling between their home communities and the locations at which they were assigned to perform installation and repair projects, in violation of 29 C.F.R. § 785.39 ("Travel away from home is clearly worktime when it cuts across the employee's workday.").

6. Further, Defendant violated California Laws by failing to pay Tile Installers who worked in California overtime compensation for hours worked over eight (8) hours per day and/or forty (40) hours per week, failing to pay them for rest periods separately from their piece-rate compensation, and failing to provide accurate, itemized wage statements.

7. Plaintiff bring his FLSA claims (Count I) on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated Tile Installers employed by Defendant at any time within the three years preceding the commencement of this action through the date of judgment (the "FLSA Collective"), and seeks declaratory relief and unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which he and the FLSA Collective may be entitled.

8. Plaintiff bring his California claims (Counts II - V), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated Tile Installers employed by Defendant in California at any time within the four (4) years preceding the

commencement of this action through the date of judgment (the "California Class"), and seeks declaratory relief and unpaid straight-time wages and overtime, liquidated damages, fees and costs, and any other remedies to which he and the California Class may be entitled.

9. Plaintiff bring his Hawaii claims (Count VI), pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated Tile Installers employed by Defendant in Hawaii at any time within the six (6) years preceding the commencement of this action through the date of judgment (the "Hawaii Class"), and seeks declaratory relief and unpaid straight-time wages and overtime, liquidated damages, fees and costs, and any other remedies to which he and the Hawaii Class may be entitled.

## THE PARTIES

10. Plaintiff is an adult who resides in Monmouth County, New Jersey.

11. Plaintiff was employed by Defendant as a Tile Installer from approximately September 2021 to the present day.

12. Plaintiff worked for Defendant in California, Indiana, Hawaii, and Tennessee.

13. Plaintiff regularly worked over forty (40) hours per week.

14. Defendant Global Tiling, Inc. is a North Carolina corporation with a principal place of business located at 5260 Parkway Plaza Blvd., Suite 170, Charlotte, NC 28217.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

16. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

17. The Court has personal jurisdiction over Defendant because it is domiciled in the State of North Carolina.

18. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in this District.

**FACTUAL ALLEGATIONS**

19. Defendant Global Tiling Inc. is in the business of installing and repairing flooring in car dealerships.

20. Defendant employs individuals including Plaintiff to install, set, and/or repair floor tiles (collectively referred to as "Tile Installers").

21. Tile Installers routinely handle goods or materials that have been moved in or produced for commerce, including floor tiles.

22. Tile Installers are non-exempt employees under the FLSA.

23. Tile Installers are non-exempt employees under California Laws.

24. Defendant paid Tile Installers at a piece rate for tile installation based on the square footage of tiling they install.

25. Defendant also paid Tile Installers on an hourly basis for repair work, in addition to their piece-rate pay.

26. Defendant paid Tile Installers once per month.

27. Tile Installers regularly worked over eight (8) hours per day.

28. Tile Installers regularly worked over forty (40) hours per week.

29. Defendant did not pay Tile Installers any overtime premium pay for hours worked over eight (8) hours per day and/or forty (40) hours per week.

30. Defendant required Tile Installers to travel away from their home communities for overnight trips to the locations at which they were assigned to perform installation and repair projects.

31. Such travel to and from the Tile Installers' home communities cut across their normal working hours, and thus should have been counted as paid time. *See* 29 C.F.R. § 785.39.

32. However, Defendant failed to compensate Tile Installers for time spent travelling between their home communities and the locations at which they were assigned to perform installation and repair projects.

33. While working in California, Tile Installers were not separately paid for their rest break time as required for piece-rate workers in California.

34. Defendant knowingly and willfully failed to provide Tile Installers with any documents accurately reflecting their hours worked, regular rate of pay, piece-rate pay, overtime rate of pay, total hours of compensable rest periods, and/or the rate of compensation and gross wages paid for those periods, as required as California Labor Code § 226(a).

35. Defendant required Tile Installers to keep and submit records of their work hours, and thus knew that they worked over forty (40) hours per week.

36. However, Defendant knowingly or recklessly disregarded its obligations under the FLSA pay Tile Installers overtime compensation for all hours worked over forty (40) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

38. Plaintiff brings this claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed FLSA Collective is defined as follows:

> *All Tile Installers and any other employees performing similar duties who worked for Defendant in the United States, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, American Samoa, Guam, Midway Atoll, Wake Island, Johnston Island, and/or Palmyra at any time within the three years preceding the commencement of this action through the date of judgment.*

39. Plaintiff has filed his consent in writing pursuant to section 216(b). *See* **Exhibit 1.**

40. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

41. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

42. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

43. Plaintiff seeks to send Notice to all similarly situated Tile Installers as provided by 29 U.S.C. § 216(b) and supporting case law.

44. Plaintiff and the putative FLSA Collective members demand a trial by jury.

## **CALIFORNIA RULE 23 CLASS ACTION ALLEGATIONS**

45. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own

behalf and on behalf of the California Class, defined as follows:

> *All Tile Installers and any other employees performing similar duties who worked for Defendant in California at any time within the four years preceding the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

46. The members of the California Class are so numerous that joinder of all Rule Class members in this case would be impractical. Plaintiff reasonably estimates that there are more than forty (40) California Class members. California Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

47. There is a well-defined community of interest among California Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the California Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether California Class members worked more than forty (40) hours per week;

    b. Whether Defendant failed to pay the California Class members overtime premium for hours worked over forty (40) per week;

    c. Whether California Class members worked more than eight (8) hours per day;

    d. Whether Defendant failed to pay the California Class members overtime premium for hours worked over eight (8) per day;

    e. Whether Defendant failed to pay the California Class members at least minimum wage for all hours worked, including travel time;

    f. Whether Defendant provided accurate records of hours worked and regular rate of pay to the California Class members;

    g. Whether Defendant failed to pay California Class members for rest periods separately from their piece-rate compensation; and

    h. Whether Defendant's conduct was willful and/or not in good faith.

48. Plaintiff's claims are typical of those of the California Class in that he and all other California Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's California Law claims arise from the same policies, practices, promises and course of conduct as all other California Class members' claims and his legal theories are based on the same legal theories as all other California Class members.

49. Plaintiff will fully and adequately protect the interests of the California Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the California Class.

50. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for California Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a California Class action will also eliminate the possibility of duplicative lawsuits.

51. This case will be manageable as a California Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

52. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose

suit meets the specified criteria to pursue his claim as a class action").

53. Because Defendant acted and refused to act on grounds that apply generally to the California Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

54. Plaintiff and the California Class members demand a trial by jury.

## HAWAII RULE 23 CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of the Hawaii Class, defined as follows:

> *All Tile Installers and any other employees performing similar duties who worked for Defendant in Hawaii at any time within the six years preceding the commencement of this action through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

56. The members of the Hawaii Class are so numerous that joinder of all Rule Class members in this case would be impractical. Plaintiff reasonably estimates that there are more than forty (40) Hawaii Class members. Hawaii Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

57. There is a well-defined community of interest among Hawaii Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Hawaii Class. These common legal and factual questions, include, but are not limited to, the following:

    a. Whether Hawaii Class members worked more than forty (40) hours per week;

    b. Whether Defendant failed to pay the Hawaii Class members overtime premium for hours worked over forty (40) per week;

    c. Whether Defendant failed to pay the Hawaii Class members at least the minimum wage for all hours worked, including travel time;

d. Whether Defendant's conduct was willful and/or not in good faith.

58. Plaintiff's claims are typical of those of the Hawaii Class in that he and all other Hawaii Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's Hawaii Law claims arise from the same policies, practices, promises and course of conduct as all other Hawaii Class members' claims and his legal theories are based on the same legal theories as all other Hawaii Class members.

59. Plaintiff will fully and adequately protect the interests of the Hawaii Class and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Hawaii Class.

60. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Hawaii Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Hawaii Class action will also eliminate the possibility of duplicative lawsuits.

61. This case will be manageable as a Hawaii Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

62. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

63. Because Defendant acted and refused to act on grounds that apply generally to the Hawaii Class and declaratory relief is appropriate in this case with respect to the Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

64. Plaintiff and the Hawaii Class members demand a trial by jury.

## COUNT I
### (Brought on an Individual and Collective Basis)
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES

65. Plaintiff re-alleges and incorporates all previous paragraphs herein.

66. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

67. At all times relevant to this action, Defendant was and is an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

68. Defendant maintains an enterprise whose annual gross volume of sales made or business done has exceeded $500,000 at all relevant times.

69. Defendant maintains an enterprise that has, at all relevant times, employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

70. Plaintiff and other FLSA Collective members were individually engaged in commerce because, inter alia, they travelled away from their home communities to other states to perform installation and repair work.

71. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and

other FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

72. Plaintiff and other FLSA Collective members worked many workweeks in excess of forty (40) hours within the last three years.

73. At all times relevant to this action, Defendant failed to pay Plaintiff and other FLSA Collective members any overtime premium for hours worked in excess of forty (40) in a workweek.

74. Defendant failed to pay Plaintiff and other FLSA Collective members wages for all hours worked, including travel time.

75. Defendant's management knew or should have known that the Plaintiff and other members of the FLSA Collective were working hours in excess of forty (40) hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of forty (40) per week.

76. Defendant's violations of the FLSA were knowing and willful. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

77. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**(Brought on an Individual and Class Basis)**
**CAL. LAB. CODE §§ 510, 1194, 1194.2, and 1198; IWC WAGE ORDER**
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

78. Plaintiff re-alleges and incorporates all previous paragraphs herein.

79. Pursuant to Cal. Lab. Code §§ 510, 1194 and 1198 and IWC Wage Order No. 5-2001, Defendant was required to compensate Plaintiff and the members of the California Class for all overtime, which is calculated at one and one-half (1.5) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

80. Plaintiff and other California Class members worked many workweeks in excess of 40 hours within the last four (4) years.

81. Defendant failed to compensate Plaintiff and the members of the California Class for overtime hours.

82. By failing to pay overtime compensation to Plaintiff and the members of the California Class as alleged above, Defendant has violated Cal. Lab. Code § 510 and IWC Wage Order 4-2001, which require overtime compensation for non-exempt employees.

83. By failing to maintain adequate time records as required by Cal. Lab. Code § 1174(d) and IWC Wage Order 4-2001, Defendant has made it difficult to calculate the overtime due to Plaintiff and the members of the California Class.

84. Defendant also failed to pay Plaintiff and other California Class members wages for all hours worked, including travel time.

85. As a result of Defendant's willful and unlawful acts, Plaintiff and the members of the California Class have been deprived of overtime and minimum wage compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Cal. Lab. Code § 1194.

86. Because Defendant's acts or omissions were willful and not in good faith, Plaintiff and members of the California Class are also entitled to liquidated damages equal to the amount of unpaid wages and interest thereon under Cal. Labor Code § 1194.2.

## COUNT III
### (Brought on an Individual and Class Basis)
### CAL. LAB. CODE §§ 226.7, 512, 558; IWC WAGE ORDER
### FAILURE TO PROVIDE AND PAY FOR REST BREAKS

87. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

88. Cal. Lab. Code § 226.2 provides that "[e]mployees must be compensated for rest and recovery periods separate from any piece-rate compensation." Defendant did not compensate Plaintiff and members of the California Class separately for rest periods when they performed piece-rate work in California

89. Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

90. Because Defendant violated Cal. Lab. Code §§ 226.7 and 512, and IWC Wage Order 4-2001, it is also liable for reasonable attorneys' fees and costs for enforcing the public interest under Cal. Code Civ. Proc. § 1021.5.

## COUNT IV
### (Brought on an Individual and Class Basis)
### CAL. LAB. CODE § 226
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

91. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

92. Cal. Lab. Code § 226(a) and IWC Wage Order 4-2001 require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the total hours worked by the employee. Cal. Lab. Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is

entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

93. Defendant knowingly and intentionally failed to furnish Plaintiff and California Class members with timely, itemized statements showing their hours worked, regular rate of pay, piece-rate pay, overtime rate of pay, total hours of compensable rest periods, and/or the rate of compensation and gross wages paid for those periods, as required by Cal. Lab. Code § 226(a) and IWC Wage Order 4-2001. As a result, Defendant is liable to Plaintiff and California Class members for the amounts provided by Cal. Lab. Code § 226(b).

94. Defendant violated Cal. Lab. Code § 1174 and IWC Wage Order 4-2001 by willfully failing to keep required payroll records showing the actual hours worked each day by Plaintiff and California Class members. As a direct and proximate result of Defendant's failure to maintain payroll records, Plaintiff and California Class members have suffered actual economic harm as they have been precluded from accurately monitoring the number of hours worked and thus seeking all accrued overtime and minimum wage pay.

95. Plaintiff, on behalf of himself and California Class members, requests relief for the amounts provided by Cal. Lab. Code § 226(b).

**COUNT V**
**(Brought on an Individual and Class Basis)**
<u>**UNFAIR COMPETITION LAW - CAL. BUS. & PROF. CODE § 17200**</u>
<u>**UNLAWFUL, UNFAIR, AND/OR FRAUDULENT BUSINESS ACTS**</u>

96. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

97. Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*

98. Defendant's unlawful, unfair, and/or fraudulent business acts and practices that

harmed Plaintiff and members of the California Class include:

    a. Failing to pay Plaintiff and members of the California Class overtime premium for hours worked over forty (40) per week;

    b. Failing to pay Plaintiff and members of the California Class for all hours worked, including travel time; and

    c. Failing to provide accurate itemized wage statements, including accurate record of hours worked, to Plaintiff and members of the California Class.

99. Plaintiff and the members of the California Class lost money and property as a result of Defendant's unlawful business practices described above.

100. Pursuant to the UCL, Plaintiff and the members of the California Class are entitled to restitution of money or property gained by Defendant, by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

101. Pursuant to the UCL, Plaintiff and the members of the California Class are entitled to injunctive relief against Defendant's ongoing unlawful business practices. If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiff and the general public will be irreparably injured.

102. Plaintiff and the members of the California Class have no plain, speedy, and adequate remedy at law. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff and Class Members and of the general public.

103. Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

104. Defendant's numerous violations of local and California law constitute unlawful

business actions and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

105. Pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*, Plaintiff and the members of the California Class are entitled to restitution for all overtime compensation and interest that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action and a declaration that Defendant's business practices are unfair within the meaning of the statute, in addition to an award of attorneys' fees and costs pursuant to Cal. Code Civ. Proc.§ 1021.5 and other applicable law, and costs.

## COUNT VI
**(Brought on an Individual and Class Basis)**
**HAW. REV. STAT. §§ 387-2, 387-3, 387-12**
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

106. Plaintiff re-alleges and incorporates all previous paragraphs herein.

107. Pursuant to Haw. Rev. Stat. § 387-3, Defendant was required to compensate Plaintiff and the members of the Hawaii Class for all overtime, which is calculated at one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) hours per week.

108. Plaintiff and other Hawaii Class members worked many workweeks in excess of 40 hours within the last six (6) years.

109. Defendant failed to compensate Plaintiff and the members of the Hawaii Class for overtime hours.

110. Defendant also failed to pay Plaintiff and other Hawaii Class members wages for all hours worked, including travel time, in violation of Haw. Rev. Stat. § 387-2.

111. As a result of Defendant's willful and unlawful acts, Plaintiff and the members of the Hawaii Class have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus an equal amount in liquidated damages and attorneys' fees and costs, under Haw. Rev. Stat. § 387-12.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Wilbur de Leon, individually and on behalf of all others similarly situated, by and through his attorneys, requests an entry of an Order the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

b. Certifying this action as a class action (for the California Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's California Law claims (Counts II - V);

c. Certifying this action as a class action (for the Hawaii Class) pursuant to Rule 23(b)(3) and (b)(3) with respect to Plaintiff's Hawaii Law claims (Count VI);

d. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, California Class members, and Hawaii Class members; and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

e. Designating Plaintiff as the representative of the FLSA Collective, the California Class, and the Hawaii Class; and undersigned counsel as Class counsel for the same;

f. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

g. Declaring Defendant violated California Laws and that said violations were willful;

h. Declaring Defendant violated Hawaii Laws and that said violations were willful;

i. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective, the California Class, and the Hawaii Class the full amount of damages, liquidated damages, and penalties available by law;

j. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

k.  Awarding pre- and post-judgment interest to Plaintiff on these damages; and

l.  Awarding such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Wilbur de Leon, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

RESPECTFULLY SUBMITTED,

Dated: November 28, 2022

By: /s Brian L. Kinsley
Brian L. Kinsley NC Bar No. 38683
CRUMLEY ROBERTS LLP
2400 Freeman Mill Road
Greensboro, NC 27406
T: (800) 288-1529
BLKinsley@crumleyroberts.com

*Local Counsel for Plaintiff*

Jason T. Brown (will seek *pro hac vice* admission)
Nicholas Conlon (will seek *pro hac vice* admission)
Benjamin Lin (will seek *pro hac vice* admission)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone: (877) 561-0000
Fax: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
ben.lin@jtblawgroup.com

*Lead Counsel for Plaintiff*